UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEHMET KADAGAN,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-1903

Honorable Jane M. Beckering

**ORDER**

This is an action for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by a United States Immigration and Customs Enforcement (ICE) detainee. (Pet., ECF No. 1.) On July 7, 2026, the Court entered an opinion and judgment (ECF Nos. 6, 7) conditionally granting Petitioner's § 2241 petition and directing Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. This matter is now before the Court on Petitioner's motion to enforce judgment. (ECF No. 9.) For the following reasons, the Court will deny Petitioner's motion.

In his motion, Petitioner claims that the immigration judge failed to place the burden on the government as required by this Court's opinion and judgment because the immigration judge based his decision solely on the fact that Petitioner had been denied asylum. (ECF No. 9-2, PageID.65.) The immigration judge's written order denying bond states as follows:

> The government has proven by clear and convincing evidence that [Petitioner] is a flight risk. [Petitioner's] applications for relief have been denied by an immigration judge and [Petitioner] was ordered removed from the United States. While this

> order is pending before the BIA [Petitioner] has a low likelihood of relief at this time.

(Immigration Judge Order, ECF No. 9-4, PageID.82.)

Based on the record before the Court at this time, including Petitioner's motion, (ECF No. 9), and supporting memorandum, (ECF No. 9-1), there is no indication that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing or otherwise failed to comply with the Court's July 7, 2026, opinion and judgment. To the extent that Petitioner challenges the immigration judge's factual determinations at the bond hearing, those are issues that must first be raised to the Board of Immigration Appeals. Therefore, the Court will deny Petitioner's motion to enforce judgment (ECF No. 9).

Accordingly,

**IT IS ORDERED** that Petitioner's motion to enforce judgment (ECF No. 9) is **DENIED**.

Dated: October 22, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge